CHRIS H. STARKE ET AL., APPELLEES, v. CHICAGO, BUR-LINGTON & QUINCY RAILWAY COMPANY, APPELLANT.

FILED DECEMBER 5, 1908.   No. 15,398.

Railroads: NEGLIGENCE: EVIDENCE. In an action to recover damages for the killing of an animal by a train of cars upon a railroad track, the mere fact of killing is not sufficient to establish negligence on the part of those in charge of the train. *Burlington & M. R. R. Co. v. Wendt*, 12 Neb. 76.

APPEAL from the district court for Webster county: ED L. ADAMS, JUDGE. *Reversed.*

*J. E. Kelby, Fred M. Deweese, F. E. Bishop, Halleck F. Rose* and *L. H. Blackledge,* for appellant.

*A. H. Keeney* and *J. C. Saylor, contra.*

FAWCETT, C.

The petition alleges that on February 9, 1906, defendant negligently and carelessly ran over and killed a horse belonging to plaintiff, which was at the time, without fault on the part of plaintiff, upon defendant's railway track, and prays damages in the sum of $150. The answer is a general denial.

All that the evidence shows is that in November, 1905, plaintiff placed the animal in question with his other horses in a pasture on the south side of defendant's track; that on the morning of February 9, 1906, the dead body of the animal was found lying on the right of way of defendant on the north side of its track; that the marks on the body indicated that it had been struck by an engine; that there was blood and hair on the ties and rails for a dis-

First Nat. Bank of Elgin v. Adams.

tance of from 40 to 50 yards from where the body of the animal was found; that the track just west of this point is straight for a distance of half a mile; and that a passenger train was scheduled to pass that point, running east, during the night. This is substantially all of the evidence that was offered on the trial of the case. When plaintiff rested, defendant moved the court to direct a verdict in favor of the defendant, which motion was overruled. In this the district court erred. As early as *Burlington & M. R. R. Co. v. Wendt*, 12 Neb. 76, we held: "In an action to recover damages for the killing of an animal by a train of cars upon a railroad track, the mere fact of killing was properly held to be no evidence of negligence on the part of those in charge of the train." The rule there announced has never been overruled or modified in this court.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceeding according to law.

CALKINS and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.