SUE A. COX, APPELLEE, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED JUNE 10, 1910. No. 16,002.

1. **Railroads: FENCING STATION GROUNDS: NEGLIGENCE.** A railway company is not chargeable with negligence for failing to fence its station grounds in a village, where it is not required by statute to do so.

2. ———: ———: KILLING ANIMALS: NEGLIGENCE. In an action against a railway company to recover the value of animals killed by a train on defendant's track, proof that the train was at the time running at a speed of twelve miles an hour through an

unincorporated village, where the fencing of tracks was not required by statute, is not of itself evidence of negligence.

3. ———: ———: ———: ———. In an action against a railway company to recover the value of animals killed by a train on defendant's track, the mere fact of killing is not sufficient to establish negligence on the part of those in charge of the train, where the animals were killed on station grounds, the fencing of which was not required by statute.

APPEAL from the district court for Pierce county: ANSON A. WELCH, JUDGE. *Reversed.*

*Burt Mapes, B. T. White, C. C. Wright* and *B. H. Dunham,* for appellant.

*Fred H. Free* and *K. W. McDonald, contra.*

ROSE, J.

A short distance west of the station at Foster, Pierce county, a train operated by defendant on its railway struck and killed a colt October 27, 1905. In November following a cow was killed near the same place in the same manner. Plaintiff was owner of both animals, and in a suit against defendant for their value recovered a judgment for $104.70. Defendant has appealed.

In the petition the negligence imputed to defendant was its failure to maintain proper fences and cattle-guards and to stop its trains in time to avoid injury to plaintiff's stock. Defendant answered that plaintiff's loss, if any, was due to her own negligence, and not to any negligence on part of defendant. The answer contains the further allegation that the animals went upon defendant's premises and were killed on its station grounds, where it was not required to maintain fences or cattle-guards. Foster is an unincorporated village. Main street runs north and south and crosses defendant's railway and station grounds diagonally at the east end of the station. Front street crosses Main street from southeast to northwest, runs parallel to the railway, and is the northern boundary of the station grounds. The village is immediately north

of the railway tracks, and in 1905 contained two general stores, a livery barn and other places of business. Defendant in addition to its main line maintained a switch track 1,800 feet or more in length. The station is located between the tracks about the same distance from each of the switch connections with the main line. Defendant kept an agent constantly at the station. On the station grounds there were corn cribs, an elevator and stock-yards. Six daily trains passed Foster, all stopping except a through freight which usually stopped also. The side-track was used daily for switching purposes. During 1905, 237 cars of freight were received or shipped. The stock-yards were northwest of the station on Front street, with the east end about 100 feet from Main street. East of the stock-yards on Front street and on Main street the station grounds were open. Defendant had, however, constructed a wire fence from a shed at the west end of the stock-yards to the west end of the station grounds on the northern boundary. Negligence in failing to maintain fences and cattle-guards is alleged by plaintiff as follows: "Defendant negligently permitted its fences at the north end of a shed built and attached to the northwest side of the stockyards in Foster, an unincorporated village in Foster precinct, Pierce county, Nebraska, to be and become in a defective condition in this: That it permitted the said fence to become detached from said shed, and to remain so detached; that said defendant company failed to put in a cattle-guard where the said fence stopped."

There is no definite or positive testimony showing where the animals came onto defendant's premises, but plaintiff's position is, and there is some proof of tracks tending to show, that they entered at the gap in the fence west of the shed, though there is also evidence of tracks coming from the direction of Main street. Both animals were found between the main track and the switch track, the colt about 150 feet west of the station, and the cow 50 feet or more still farther west. In any event, they entered from a platted part of the village, either from Front street

through the gap or from an open street abutting on the station grounds. The statute requiring railroad companies to fence their tracks contains the following exceptions: "Except at the crossings of public roads and highways and within the limits of towns, cities, and villages." Comp. St. 1909, ch. 72, art. I, sec. 1. Within the meaning of these exceptions defendant was not required by statute to fence its station grounds at Foster, where plaintiff's animals entered, or where they were killed, and consequently was not liable for damages for failing to do so. The trial court, nevertheless, submitted that question to the jury, and in doing so erred to the prejudice of defendant.

The question of defendant's negligence in operating its trains was also submitted to the jury, and this is assigned as error on the ground there was no evidence of such negligence. There is uncontradicted testimony that the cow was killed by a special train in the evening, after dark, and that the colt was struck in the morning, before daylight. There is no proof that the speed of either train exceeded twelve miles an hour at Foster, and this of itself did not show negligence. *Burlington & M. R. R. Co. v. Wendt*, 12 Neb. 76. The mere killing of the animals was not evidence of negligence on the part of defendant. *Starke v. Chicago, B. & Q. R. Co.*, 82 Neb. 800; *Burlington & M. R. R. Co. v. Wendt*, 12 Neb. 76. The evidence is insufficient to support a finding that defendant was negligent in operating its trains or in failing to stop them before striking the animals, and that question should not have been submitted to the jury.

For the errors pointed out, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.